Miguel **RAMOS**

v.

**UNITED STATES of America.**

**Misc. No. 73–262.**

United States District Court,
E. D. Pennsylvania.

Feb. 25, 1974.

Abraham T. Needleman, Needleman, Needleman, Tabb & Eisman, Philadelphia, Pa., for plaintiff.

Michael B. L. Hepps, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, District Judge.

On October 10, 1973, a summons was issued by the Internal Revenue Service under Section 7602 of the Internal Revenue Code of 1954, 26 U.S.C. § 7602,[1] requiring Abraham T. Needleman, Esq., to appear before Revenue Agent Samuel Neiman on October 23, 1973 and to produce records of legal fees paid to him by Miguel Ramos, petitioner-taxpayer. On December 10, 1973, Miguel Ramos moved to quash the summons issued against Mr. Needleman essentially on the basis that the materials sought were confidential communications protected by the attorney-client privilege. The government filed a motion to dismiss on January 25, 1974 claiming that (1) the petitioner lacked standing to bring the action; (2) the court lacked jurisdiction over the defendant by reason of sovereign immunity; (3) equitable relief was inappropriate because petitioner had an adequate remedy at law; and (4) the action was prohibited by Section 7421 of the Internal Revenue Code. 26 U.S.C. § 7421.

In view of the Supreme Court decision of Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), it is clear that petitioner's motion to quash must be dismissed as petitioner has an adequate remedy at law. Resultantly, I need not pass upon any of the other dismissal contentions raised by the government. In *Reisman,* petitioners, who were attorneys for a husband and wife, sought declaratory and injunctive relief against the Commissioner of Internal Revenue and an accounting firm which had been retained by the petitioners to work on the taxpayer-couple's financial records. Under Section 7602 of the Internal Revenue Code, the Commissioner had issued summonses to the accounting firm for the production of work papers and correspondence pertaining to the taxpayer-couple's financial dealings. It was contended that the enforced production of these papers was an unlawful appropriation of the petitioner's work product and trial preparation. Without reaching the issues of standing, sovereign immunity and privilege which had been determinative in the lower courts, the Supreme Court dismissed the complaint holding that the petitioners had an adequate remedy at law. In arriving at this conclusion, the Court emphasized that there is no provision for personal enforcement by the Secretary of the Treasury or his delegate of a summons

---

1. In investigating tax liability, the Secretary of the Treasury or his delegate is authorized under Section 7602

    [t]o summon the person liable for tax . . . or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax . . . or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate . . . to produce such books . . . and to give such testimony.

26 U.S.C. § 7602.

**156**

issued under Section 7602 of the Internal Revenue Code. *Reisman, supra* at 445. If the Secretary or his delegate wishes to enforce the summons, he must proceed under either Section 7402(b) or 7604(a) and (b) of the Internal Revenue Code. 26 U.S.C. §§ 7402(b), 7604(a) and (b). Sections 7402(b) and 7604(a) give district courts power to compel compliance with a summons issued under the internal revenue laws. Section 7604(b) provides that whenever a person summoned under Section 7602 neglects or refuses to obey such summons, the Secretary or his delegate may apply to the United States Commissioner or the judge of the district court "for an attachment against him as for a contempt."[2] Since any enforcement action under these provisions would be an adversary proceeding at which both the witness and interested third parties could present their challenges to the summons, *Reisman, supra* at 446–449, and since any orders issued pursuant to these proceedings would be appealable, *Id.* at 449, the Court held that these comprehensive enforcement provisions of the Internal Revenue Code provided full opportunity for a witness or interested third party to obtain judicial review of his grievances without the necessity of equitable relief. *Id.* at 450.

With the exception of the inserted references to Sections 6424(d)(2) and 6427(e)(2) in Section 7604(b), the above judicial enforcement provisions, Sections 7402(b) and 7604(a) and (b), have not been amended since the *Reisman* decision and the Secretary or his delegate must still utilize these provisions to compel compliance with a summons issued under Section 7602 of the Internal Revenue Code. In deciding the issue *sub judice,* therefore, *Reisman* is controlling.

Under the rule of *Reisman,* petitioner Miguel Ramos has ample and full opportunity for a judicial determination of his challenges to the summons under the Internal Revenue Code's summons enforcement provisions, Sections 7402(b) and 7604(a) and (b). This is so even though petitioner is not the summoned party. *Reisman* held that interested third parties might intervene in these enforcement proceedings to protect their interests. *Reisman, supra* at 449. Due to the attorney-client relationship herein involved, it would seem that such intervention by petitioner would be appropriate. Donaldson v. United States, 400 U. S. 517, 529–530, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). Consequently, petitioner has an adequate remedy at law and his petition to quash the summons served upon Abraham T. Needleman, Esq., must therefore be denied and dismissed.

**2.** Section 7604(b) also extends this remedy to summonses issued pursuant to Sections 6420(e)(2), 6421(f)(2), 6424(d)(2) and 6427(e)(2).