**Joseph VALLERAND and Roberta W. Vallerand, Plaintiffs,**

v.

**William H. CONNETT, District Director, Internal Revenue Service, Defendant.**

**No. CV 79–1166–WMB.**

United States District Court,
C. D. California.

Sept. 17, 1979.

Clyde R. Maxwell, Newport Beach, Cal., for plaintiffs.

Andrea Sheridan Ordin, U. S. Atty., Charles H. Magnuson, Asst. U. S. Atty., Chief, Tax Div., Los Angeles, Cal., for defendant.

ORDER

WM. MATTHEW BYRNE, Jr., District Judge.

Plaintiffs are taxpayers whose books and records for the tax years 1975 and 1976 were examined by the Internal Revenue Service ("IRS") in 1978. In a letter dated January 11, 1979, defendant, District Director Connett, notified plaintiffs that re-examination of the same tax years was necessary and requested that plaintiffs once again make their books and records available. Plaintiffs requested that the District Director hold a hearing on the necessity of the re-examination and asked that the Notice of Re-examination be stayed until after such hearing. On January 16, 1979, the District Director advised plaintiffs that their request for a hearing and for a stay of the Notice was denied.

In this action, plaintiffs seek to compel the District Director to grant them a hearing before they are subjected to an additional inspection of their books and records for the tax years 1975 and 1976. The District Director has moved to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Section 7605(b) of 26 U.S.C. provides as follows:

> No taxpayer shall be subjected to unnecessary examinations or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

Plaintiffs contend that § 7605(b) grants them a substantive right to be free from unnecessary re-examination and that the determination whether re-examination is "necessary" is an "adjudication" within the meaning of the Administrative Procedure Act, 5 U.S.C. §§ 551(7), 554. Consequently, they argue, 5 U.S.C. § 554 and due process require that the determination of the necessity of re-examination be made after taxpayers have had an opportunity for a hearing.

While Congress enacted § 7605(b) in recognition of a need to curb the investigating powers of potentially overzealous revenue agents, it considered this need met by requiring that agents not perform repetitive examinations without clearance from a superior. *United States v. Powell,* 379 U.S. 48, 54–56, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). Thus, rather than creating a substantive right of the scope claimed by plaintiffs, § 7605(b) merely specifies procedural limitations on the investigative processes of the IRS.

Even assuming § 7605(b) is a grant of certain substantive rights, those rights are adequately protected by the procedures ordinarily utilized to review the propriety of record examinations. Had plaintiffs simply refused to turn over the records in compliance with the Notice of Re-examination, rather than directly seeking relief from this Court, the IRS could have issued a summons pursuant to 26 U.S.C. § 7602. If such a summons had been issued and resisted, the IRS could have moved the District Court for an order enforcing the summons pursuant to 26 U.S.C. § 7604. In an enforcement proceeding, plaintiffs would be entitled to a full adversary hearing, in which they could raise constitutional or other claims in challenging the summons. *Reisman v. Caplin,* 375 U.S. 440, 445, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964). More specifically, they could challenge the summons on the grounds that the IRS had failed to comply with the requirements of § 7605(b). *United States v. Powell, supra,* 379 U.S. at 57–58, 85 S.Ct. 248. A taxpayer may not be subjected to punishment or arrest for resisting a summons in good faith. *Reisman, supra,* 375 U.S. at 446–49, 84 S.Ct. 508. Since plaintiffs would suffer no greater detriment by being forced to air their claims in a summons enforcement proceeding rather than in a pre-notification hearing, the instant suit is not ripe for adjudication. *See Dickerson v. Conrad,* 274 F.Supp. 881 (D. Alaska 1967).

The Court concludes that plaintiffs have failed to state a claim upon which relief can be granted.

Therefore,

IT IS ORDERED that defendant's motion to dismiss the First Amended Complaint is granted.