640 F.2d 208
 81-1 USTC P 9223
 David H. ZIMMER and Carolyn J. Zimmer, Petitioners-Appellants,
v.
William H. CONNETT, District Director, Internal Revenue
Service, Respondent-Appellee.
Joseph VALLERAND and Roberta W. Vallerand, Petitioners-Appellants,
v.
William H. CONNETT, District Director, Internal Revenue
Service, Respondent-Appellee.
 Nos. 79-3048, 79-3734.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 8, 1981.
Decided Feb. 17, 1981.
 
 Clyde R. Maxwell, New Port Beach, Cal., on brief; Morgan C. Taylor, New Port Beach, Cal., argued, for petitioners-appellants.
 M. Carr Ferguson, Washington, D. C., on brief; William A. Whitledge, Washington, D. C., argued, for respondent-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before TRASK, SNEED and SCHROEDER, Circuit Judges.
 SNEED, Circuit Judge:
 
 
 1
 The Internal Revenue Service (I.R.S. or Service), pursuant to 26 U.S.C. § 7605(b), previously audited taxpayers Zimmer's 1975 joint income tax return and taxpayers Vallerand's 1975 and 1976 joint income tax returns. Thereafter, it notified taxpayers that it found it necessary to reexamine taxpayers' books and records for those years. Taxpayers petitioned the District Director to revoke the notice of reexamination or to grant them a hearing thereon. The District Director denied both requests and so notified taxpayers. Taxpayers thereafter filed the instant actions, basing jurisdiction on 28 U.S.C. § 1361. They sought a declaratory judgment and a mandatory injunction compelling the District Director to grant them a hearing before permitting an additional inspection of their books. The Director moved to dismiss each complaint. After a hearing the district court dismissed the Zimmer complaint on the ground that taxpayers had failed to show a sufficient legal basis for seeking declaratory relief. The district court dismissed the Vallerand complaint for failure to state a claim that was ripe for adjudication. The taxpayers appealed and we affirm the judgments of the district courts, 477 F.Supp. 106.
 
 I.
 ADEQUACY OF LEGAL REMEDY
 
 2
 Under 26 U.S.C. § 7605(b), before the I.R.S. can conduct a second examination of taxpayers' records for a taxable year, the "Secretary, after investigation" must notify the taxpayer in writing that an additional inspection is necessary. After receipt of such a notice, taxpayer may refuse to comply. The Service at that point may issue a summons pursuant to 26 U.S.C. § 7602. Although there are penalties for contumacious refusal to comply with a summons, should the taxpayer appear and assert good faith defenses, the Service would be required to resort to an action to enforce the summons under 26 U.S.C. §§ 7402(b), 7604(a). See Reisman v. Caplin, 375 U.S. 440, 446-49, 84 S.Ct. 508, 512-514, 11 L.Ed.2d 459 (1964). Taxpayer can assert his claims of illegality of the second inspection in that proceeding. United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 254-255, 13 L.Ed.2d 112 (1964). As taxpayer need not surrender his records prior to judgment in the enforcement proceeding, he suffers no damage before having an opportunity to assert his defenses. Because the taxpayer had an adequate remedy at law, the district court had no jurisdiction over taxpayers' claim for equitable relief.
 
 II.
 ANTI-INJUNCTION ACT
 
 3
 Even if this were a case presenting taxpayers' claim to a hearing on appeal from a summons enforcement action, we would have serious doubts concerning taxpayers' claim because of the Anti-Injunction Act, 26 U.S.C. § 7421. To impose a requirement for a hearing would initiate a process that would culminate in fixing a standard under which the reasonableness of a second examination would be determined. Such a standard and its review on appeal, cf. Reisman v. United States, 375 U.S. at 449, 84 S.Ct. at 513-514 (enforcement order an appealable final order), could very well have the effect of interrupting the process of assessment of taxes by the Service, an effect similar to that of an injunction. This would be contrary to congressional policy which prohibits interference with the process of assessing taxes. Tax assessments must be contested in the Tax Court or, upon payment of the assessment, in an action for a refund in the Federal District Courts or the Court of Claims. Cf. Enochs v. Williams Packing and Navigation Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962); Falik v. United States, 343 F.2d 38, 40-43 (2d Cir. 1965) (taxpayer cannot use 28 U.S.C. § 2410 waiver of immunity to contest merits of his tax assessment). The courts have consistently rebuffed taxpayers' attempts to circumvent that procedure. See Bob Jones University v. Simon, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974) (suit to compel Commissioner to reinstate letter ruling granting tax-exempt status); Lewis v. Sandler, 498 F.2d 395 (4th Cir. 1974) (barring an injunction preventing police officials from giving information to the I.R.S.); Koin v. Coyle, 402 F.2d 468 (7th Cir. 1968) (barring suit to restrain the I.R.S. from using illegally seized evidence in arriving at an assessment); Campbell v. Guetersloh, 287 F.2d 878 (5th Cir. 1961) (barring suit to restrain Commissioner from using "bank deposit method" in assessing deficiencies). Absent a clear and explicit congressional mandate, we shall not depart from these well marked pathways.
 
 III.
 ABSENCE OF A STATUTORY BASIS
 
 4
 Even were jurisdiction proper and the relief sought not contrary to the Anti-Injunction Act, there is simply no statutory basis for taxpayers' claim of a right to a hearing prior to the decision that a second inspection is necessary. See United States v. Powell, 379 U.S. at 56, 85 S.Ct. at 254. The statute requiring an investigation and determination by the Secretary does not require that he make an independent investigation of the necessity of a second inspection. United States v. Ruggeiro, 425 F.2d 1069 (9th Cir. 1970), cert. denied sub nom. Kyriaco v. United States, 401 U.S. 922, 91 S.Ct. 863, 27 L.Ed.2d 826 (1971). The only requirement of that section is that the agent's recommendation be reviewed by a superior. See United States v. Powell, 379 U.S. 48, 55, 57-58, 85 S.Ct. 248, 253, 254-255, 13 L.Ed.2d 112 (1971). That appears to have been done in this case.
 
 
 5
 Affirmed.