URANTIA FOUNDATION, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 81–2911.

United States Court of Appeals, Seventh Circuit.

Argued June 4, 1982.

Decided Aug. 4, 1982.

Quin R. Frazer, Chicago, Ill., for appellant.

Richard Farber and Jo-Ann Horn, U. S. Dept. of Justice, Tax Div., Washington, D. C., for appellee.

Before POSNER and COFFEY, Circuit Judges, and CAMPBELL, Senior District Judge.*

WILLIAM J. CAMPBELL, Senior District Judge.

■ Appellant, Urantia Foundation (hereafter "Foundation"), filed a petition with the Tax Court seeking a declaratory judgment to invalidate a letter ruling of the Internal Revenue Service. The Foundation alleged jurisdiction for the petition under 26 U.S.C. § 7428(a)(1).[1] However, the Tax Court dismissed the petition concluding that it presented no actual controversy and that the letter ruling was not a determination reviewable under § 7428(a)(1). Appellant contends on this appeal that the Tax Court's construction of § 7428(a)(1) was unduly restrictive. For the reasons stated below we affirm.

Appellant is an organization dedicated to the distribution of *The Urantia Book*, a religious-philosophical work. It has been an exempt organization under 26 U.S.C. § 501(c)(3) since 1959, and in 1970 the Internal Revenue Service (hereafter "IRS") determined that it was a nonprivate foundation under 26 U.S.C. § 509(a)(2)(A).

---

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

1. 26 U.S.C. § 7428(a) provides:

    (a) Creation of remedy.—In a case of actual controversy involving—

    (1) a determination by the Secretary—

    (A) with respect to the initial qualification or continuing qualification of an organization as an organization described in section 501(c)(3) which is exempt from tax under section 501(a) or as an organization described in section 170(c)(2),

    (B) with respect to the initial classification or continuing classification of an organization as a private foundation (as defined in section 509(a)), or

    (C) with respect to the initial classification or continuing classification of an organization as a private operating foundation (as defined in section 4942(j)(3)), or

    (2) a failure by the Secretary to make a determination with respect to an issue referred to in paragraph (1),

upon the filing of an appropriate pleading, the United States Tax Court, the United States Court of Claims, or the district court of the United States for the District of Columbia may make a declaration with respect to such initial qualification or continuing qualification or with respect to such initial classification or continuing classification. Any such declaration shall have the force and effect of a decision of the Tax Court or a final judgment or decree of the district court or the Court of Claims, as the case may be, and shall be reviewable as such. For purposes of this section, a determination with respect to a continuing qualification or continuing classification includes any revocation of or other change in a qualification or classification.

On May 8, 1980, appellant requested a ruling from the IRS that when it sold copies of *The Urantia Book* to chain bookstores, the chain bookstores, would not be considered the "person" to whom sales are made (for purposes of the public support test of § 509(a)(2)(A)(ii)) but rather that the sales be considered to be made to the individuals who are the ultimate purchasers of the book. The IRS denied the Foundation's request by letter on November 13, 1980, specifically ruling that the chain stores are the persons to whom the books are sold for purposes of § 509(a)(2)(A)(ii). The Foundation then filed the petition at issue in this case, seeking to attack the merits of the IRS's ruling. The relief sought was expressed as follows:

> [T]he petitioner prays that this Court may hear this proceeding and determine that the ultimate purchasers of the Book, and not the chain bookstores, are the persons described in Section 509(a)(2) of the Code and that sales to them are to be taken into consideration in applying the public support test of Section 509(a)(2) of the Code.

The Tax Court dismissed the petition on the basis that the determination by the IRS did not deal directly with the exemption or classification of the Foundation and thus was not cognizable under § 7428(a); and further, that the case did not present an actual controversy as required by that statute.

In attacking the Tax Court's decision the appellant notes that § 7428 grants jurisdiction for review of determinations "with respect to" the qualification or classification of the organization. The Foundation argues that the Tax Court's conclusion as to the types of determinations referred to in § 7428 is inconsistent with that language and the last sentence of subsection (a), see fn. 1, *supra*. Additionally, appellant contends that this case presents an actual controversy since the IRS's ruling affects the manner in which the Foundation must treat sales to chain bookstores (for purposes of calculating public support under § 509(a)(2)(A)) and forces it to decide whether to alter its means of doing business

or to risk a change in its classification. It should be noted that the appellant does not suggest that the IRS ruling in itself operated to revoke or alter the Foundation's current status as a nonprivate foundation under § 509(a)(2).

In dismissing the Foundation's petition, the Tax Court relied primarily on *New Community Senior Citizen Housing Corp. v. Commissioner*, 72 T.C. 372 (1979). In that case, the exempt organization requested a ruling that certain proposed transactions would not affect its tax status, however, the IRS's response stated that one of the proposed transactions would jeopardize the organization's exempt classification. The organization sought review of that ruling under § 7428(a)(1) and the Tax Court dismissed the petition for lack of jurisdiction. The court noted that the ruling did not directly affect the organization's classification since the transactions had not, in fact, occurred. Thus, the court held that the ruling was not a determination with respect to the organization's tax status and was not reviewable under § 7428(a)(1).

The Tax Court's decision also receives support from the Fifth Circuit's opinion in *CREATE, Etc., Inc. v. Commissioner*, 634 F.2d 803 (5th Cir. 1981). In *CREATE*, the organization requested recognition that it was an exempt organization under § 501(c)(3) and a determination that it was a non-private organization under § 509. In a series of rulings, the IRS recognized the exempt status of the organization and determined that it was a non-private organization under § 509(a)(1) and § 509(a)(3). However, the IRS also ruled that contributions from a particular source were subject to the 2% limitation of Treas.Reg. § 1.170A–9(e)(6) and thus could not be counted toward the public support requirement of § 509(a)(2)(A) to the extent they exceeded that limitation. CREATE filed a petition under § 7428(a) seeking review of that determination, but the Tax Court dismissed it for lack of jurisdiction. The Fifth Circuit upheld the dismissal, holding *inter alia*, that the petitioner failed to present an actual controversy because the organization

received the favorable rulings it sought as to its tax status and the IRS's adverse determination on the alternative ground did not result in any immediate tax consequences.

The legislative history of § 7428 also supports the Tax Court's reasoning. The statute was enacted in response to two cases, *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974) and *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974), in which the United States Supreme Court held that a judicial determination as to a charitable organization's tax status could not be obtained except in the context of a suit to redetermine a tax deficiency or to determine eligibility for a refund of taxes. The holdings in those cases were perceived to create a harsh situation for charitable organizations whose incoming contributions could be severely, if not catastrophically, affected by an IRS ruling as to its tax status, see *Bob Jones*, 416 U.S. at 749, 94 S.Ct. at 2052. Thus, § 7428 was designed to provide:

> ... a declaratory judgment procedure under which an organization can obtain a judicial determination of its own status as an eligible charitable contribution donee, its status as a private foundation, or its status as a private operating foundation. [footnote deleted] H.Rep.No.94–658, 94th Cong. 1st Sess. p. 284 (1976) reprinted at 1976 U.S.Code Cong. and Admin.News 2897, 3180; see also S.Rep.No. 94–938, 94th Cong. 2d Sess. p. 587 (1976) reprinted at 1976 U.S.Code Cong. and Admin.News 2897, 4011.

This description of the scope of § 7428 was apparently intended to be exhaustive because the House Report subsequently states:

> This provision is intended to facilitate relatively prompt judicial review of the specified types of exempt organization issues ... H.Rep.No.94–658 94th Cong.

1st Sess. p. 286 (1976) reprinted in 1976 U.S.Code Cong. and Admin.News 2897, 3182; see also S.Rep.No.94–938, 94th Cong. 2d Sess. p. 588 (1976) reprinted at 1976 U.S.Code Cong. and Admin.News 2897, 4012.

The language of § 7428(b)(1)[2] and the actual controversy requirement of subsection (a) make it clear that hypothetical or superfluous rulings by the IRS are not reviewable under this statute, see *CREATE*, 634 F.2d at p. 810–813.

■ The appellant contends, however, that the holdings in *New Community* and *CREATE* do not compel affirmance of the Tax Court's decision in this case because they failed to consider the 1978 amendment to § 7428. In the Tax Reform Act of 1978 Congress added the last sentence to § 7428(a):

> For purposes of this section, a determination with respect to a continuing qualification or continuing classification includes any revocation of or other change in a qualification or classification.

The Foundation argues that this amendment broadened the scope of the statute and that by using the term "includes" Congress made it clear that it intended the Tax Court to have declaratory judgment jurisdiction not only over rulings which revoke or change an organization's continuing classification but also over other adverse rulings with respect to the organization's tax status. However, appellant's position is contradicted by the legislative history of the amendment. The legislation was enacted in response to *Sheppard & Myers, Inc. v. Commissioner*, 67 T.C. 26 (1976) in which the Tax Court held that the declaratory judgment provisions of the Employee Retirement Income Security Act (ERISA) did not apply to revocations of favorable determination letters. Since § 7428 was modelled after the declaratory judgment provisions of ERISA, see H.Rep.No.94–658 94th Cong. 1st Sess. p. 283–284 (1976) re-

---

2. 26 U.S.C. § 7428(b)(1) provides:

　(b) Limitations.—

　　(1) Petitioner.—A pleading may be filed under this section only by the organization

the qualification or classification of which is at issue.

printed in 1976 U.S.Code Cong. and Admin. News 2897, 3179–3180, S.Rep.No.94–938, 94th Cong. 2d Sess. p. 586–587 (1976) reprinted in 1976 U.S.Code Cong. and Admin. News 2897, 4010–4011, that decision suggested that a similar result would obtain in a case under § 7428. The legislative history of the 1978 Tax Reform Act states:

### REASONS FOR CHANGE

The legislative history of ERISA and of the Tax Reform Act of 1976 clearly indicate that Congress intended the Tax Court to have jurisdiction over cases involving revocation of prior favorable determination by the IRS. However, in light of the recent *Sheppard & Myers Inc.* case, it appears that this intent should be expressed explicitly in the statute.

### EXPLANATION OF PROVISIONS

The Act makes clear that the declaratory judgment provisions relating to the qualification of retirement plans and relating to the status and classification of charitable organizations are to apply for revocations of any IRS determination in these areas. Joint Committee, 95th Cong., 2d Sess., General Explanation of the Revenue Act of 1978 at 401.

This makes it apparent that the amendment of 1978 did not expand the scope of § 7428 but was merely intended to clarify its application to revocations of prior favorable determinations. Therefore, the 1976 legislative history of the statute is still a valid source for determining the scope of § 7428. Furthermore, since neither *CREATE* nor *New Community* involved the revocation of prior favorable determinations their analyses are still persuasive.

Additionally, we are not persuaded by appellant's argument that the use of term "includes" in the 1978 amendment reveals that Congress did not intend to limit the meaning of determination to "revocations or other changes." The language of the amendment does not compel this construction, there is no support for it in the 1978 legislative history, and such a construction would be inconsistent with the intent expressed in the legislative history of the 1976 Tax Reform Act, see p. 524, *supra*.

In summary, § 7428(a)(1) authorizes judicial review of IRS determinations that directly affect the tax status of a charitable organization, *New Community*. The determination must directly put in issue the organization's classification or qualification under the sections listed in § 7428(a)(1)(A)–(C), and must cause sufficient adverse consequences to that organization to create an actual controversy, *CREATE, Friends of Society of Servants of God v. Commissioner*, 75 T.C. 209 (1980).

In the instant case, the appellant requested a ruling that the ultimate purchasers of the books and not the chain bookstores are the "persons" described in § 509(a)(2)(A)(ii) for purposes of determining public support. No request was made for a determination as to the Foundation's current status as a non-private foundation under § 509(a)(2). No figures were provided as to the actual amounts of such sales or the percentage of support such sales provided. Thus, the only matter put in issue by the request was the parameters of the term "persons" for purposes of § 509(a)(2)(A)(ii). The petition filed in the Tax Court was similarly confined to this question. While the Foundation argues that the ruling will affect its tax status, that contention is speculative and beyond the scope of the administrative record. It is settled law that an actual controversy, in the context of declaratory judgment actions, must be one which exists in fact and not one which may occur in the future, *Jolles Foundation, Inc. v. Moysey*, 250 F.2d 166 (2nd Cir. 1957); *Pauling v. Eastland*, 288 F.2d 126 (D.C.Cir.1960) *cert. den.* 364 U.S. 900 (1960); *Wirtz v. Fowler*, 372 F.2d 315 (5th Cir. 1966); see also *Lee Wing Hong v. Dulles*, 214 F.2d 753, 756 (7th Cir. 1954). Therefore, we conclude that the IRS did not make a determination in its letter of November 13, 1980 that is reviewable under § 7428(a)(1) and that this case also did not satisfy the actual controversy requirement of the statute. Therefore, the Tax Court's decision is affirmed.