**Ronald SAPPENFIELD, Scandanavian Adult News, Inc., and Reel Thing, Inc., Plaintiffs,**

**v.**

**STATE OF INDIANA, Linley E. Pearson, as Attorney General of Indiana; Walter P. Chapala, as Prosecutor of LaPorte County, Indiana; City of LaPorte; Jan D. Rose, as Sheriff of LaPorte County, and the Indiana State Police, Defendants.**

**No. S83–85.**

United States District Court, N.D. Indiana, South Bend Division.

Nov. 25, 1983.

---

Richard Kammen, Indianapolis, Ind., Stephan A. Kray, LaPorte, Ind., for plaintiffs.

Linley Pearson, Ind. Atty. Gen. by Michael Schaefer, Deputy Atty. Gen., Indianapolis, Ind., Donald E. Baugher, John M. Anderton, LaPorte, Ind., for defendants.

## MEMORANDUM and ORDER

SHARP, Chief Judge.

This cause is presently before the Court on cross motions for summary judgment. Plaintiffs, Ronald Sappenfield, Scandanavian Adult News, Inc., and Reel Thing, Inc. contend that IND.CODE § 34-4-30.5-1, *et seq.*, is unconstitutional as it relates to businesses selling items protected by the First Amendment to the Constitution. Defendants State of Indiana, Walter P. Chapala, Jan D. Rose and Indiana State Police allege that plaintiffs lack standing to challenge the Indiana statute. For the reasons stated below, defendants' motion for summary judgment is granted; plaintiffs' motion for summary judgment is denied.

### I.

Plaintiff Ronald Sappenfield is the owner of two businesses in LaPorte County, Indiana—Scandanavian Adult News, Inc. and Reel Thing, Inc., both businesses which sell sexually explicit adult materials. Sappenfield has been arrested on a warrant issued by the LaPorte County Circuit Court on an indictment alleging that he violated IND. CODE § 35-45-6-1, *et seq.*, (Burns Supp. 1983), commonly known as the Indiana Corrupt Business Influence Statute.[1]

The statutes involved in this action were enacted by the Indiana legislature in 1980 to curb racketeer influenced and corrupt organizations. The criminal RICO provisions, IND.CODE § 35-45-6-1, *et seq.*,

---

1. The record in this case does not indicate when the arrest took place.

make it a Class C felony to acquire or maintain an interest in an enterprise or real property through a pattern of racketeering or to conduct the activities of an enterprise through a pattern of racketeering. The civil provisions, IND.CODE § 34–4–30.5–1, *et seq.*, provide that if a court finds by a preponderance of the evidence that there has been a violation of IND.CODE § 35–45–6–1, the court may impose a variety of sanctions. Included among those sanctions is a provision for forfeiture of property used in the course of, intended for use in the course of, or derived from, or realized through the prohibited conduct. Seizure may be taken without court order only where the seizure is incident to a lawful arrest or the property is the subject of a prior forfeiture judgment. IND.CODE § 34–4–30.5–4(b)(1) & (2). The statute generally applies to all materials incident to such corrupt business practices. Obscene materials are not specifically singled out. The triggering mechanism, a pattern of racketeering, is defined as "at least two incidents of racketeering activity that have the same or similar intent, result, accomplice, victim, or method of commission or that are otherwise interrelated by distinguishing characteristics ..." IND.CODE § 35–45–6–1(c). To qualify, one of the incidents must have occurred after August 31, 1980 and the last incident must have occurred within five years of a prior incident of racketeering activity. *Id.*

On February 25, 1983, plaintiffs brought this action against the State of Indiana, various law enforcement officials and public office holders of the City of LaPorte, Indiana. They seek a declaratory judgment that the civil RICO provisions, IND. CODE § 34–4–30.5–1, *et seq.*, are facially unconstitutional and violative of First Amendment rights and an injunction enjoining the defendants from enforcing such provisions as to material not specifically found to be obscene. Defendants State of Indiana, Walter P. Chapala, Jan D. Rose and Indiana State Police filed a motion to dismiss on April 19, 1983 alleging that the plaintiffs lack standing to attack the validity of the civil RICO provisions. Plaintiffs'

response was filed on April 26, 1983. A pretrial conference was held in South Bend, Indiana on May 20, 1983. At that time the court announced its intention to treat defendants' motion to dismiss as a motion for summary judgment. Additional time was given to both sides to supplement briefs and/or respond. Subsequently, plaintiffs filed a motion for summary judgment on September 30, 1983. In their response dated November 3, 1983, defendants chose to rely on the brief and supplementary authority already on file with the court. Jurisdiction is predicated upon 28 U.S.C. §§ 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1985 and 1988.

### II.

■ Federal Courts established under Article III of the Constitution do not render advisory opinions. "For adjudication of Constitutional issues, 'concrete legal issues, presented in actual cases, not abstractions,' are requisite." *Golden v. Zwickler,* 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113 (1969), *quoting United Public Workers v. Mitchell,* 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947). The pivotal issue presented in this cause is whether plaintiffs have the requisite standing and present an actual "case or controversy" as mandated by the Constitution. This falls under the rubric of justiciability. The standard for justiciability determinations is "... whether the facts alleged ... show that there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant ... judicial review." *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). Therefore, a litigant must demonstrate an injury which is "real, not imaginary; concrete, not abstract; apparent, not illusory; and demonstrable, not speculative." *Myron v. Chicoine,* 678 F.2d 727, 730 (7th Cir.1982). It is insufficient that an actual controversy may occur in the future; it must presently exist in fact. *Urantia Foundation v. Commissioner of In-*

*ternal Revenue,* 684 F.2d 521, 525 (7th Cir.1982).

▮ In the First Amendment area, however, a somewhat relaxed standard of uncertainty is applicable. Injury to First Amendment rights may result from the enforcement of vague and overbroad statutes or regulations since such a threat may chill or eliminate plaintiff's desire to engage in protected expression. *Dombrowski v. Pfister,* 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). This is, in fact, plaintiff's chief contention. Nevertheless, not every chilling effect caused by a general possibility of enforcement of an isolated government policy creates a justiciable controversy. *National Student Association v. Hershey,* 412 F.2d 1103, 1104 (D.C.Cir. 1969).

▮ Plaintiff has been charged with a violation of IND.CODE § 35–43–6–1, *et seq.,* the criminal RICO provisions. He contends that the civil and the criminal provisions are so "inextricably intertwined" through their reliance upon one another and the common utilization and definition of the term "pattern of racketeering," that the filing of a criminal charge would appear to demonstrate probable cause to believe that the plaintiff is engaged in a pattern of racketeering. Thus, plaintiff concludes that he is a potential and likely target for the enforcement efforts under the civil statute.

The Seventh Circuit has recently addressed the issue of standing in a case factually similar to this action, *J.N.S., Inc. v. State of Indiana,* 712 F.2d 303 (7th Cir.1983). In *J.N.S.,* the plaintiff alleged that it had twice been charged with violations of the Indiana obscenity laws, but admitted that it had never been prosecuted or threatened with proceedings under either the criminal or civil RICO statutes. The court held that the plaintiff did not have standing to maintain the action. *Id.* at 306. Plaintiff Sappenfield attempts to distinguish that case from the present action by dwelling upon representations made by the Attorney General's Office that incidents of racketeering activity meant convictions for initial obscenity offenses. He then referred to a subsequent proceeding at which the Attorney General's Office argued that two obscenity *violations* would trigger the Indiana RICO provisions, a position contrary to that taken by the Attorney General's Office in *J.N.S.*[2]

While it is true that the court in *J.N.S.* based its conclusion, in part, upon the Attorney General's interpretation of the violation requirement, it focused on the general uncertainty of the applicability of the RICO statutes to the plaintiff in that action.[3] *J.N.S.,* 712 F.2d at 306. This court concludes that such uncertainty exists under the facts of the present case. Plaintiff has been charged with a violation of the criminal RICO provisions. He has not been prosecuted or threatened with proceedings under the civil statute. Plaintiff's theory that the filing of criminal charges will appear to be probable cause to believe that plaintiff is engaged in a pattern of racketeering thus invoking enforcement efforts under the civil statute is purely hypothetical and speculative at this time.

Moreover, while plaintiff makes much of the inconsistent interpretations given to the two violation requirement necessary to activate the RICO statutes, that issue is moot as to him. He has already been indicted under the criminal RICO provisions and the record sets forth no information as to whether the indictment arose out of two violations of the obscenity statutes or two convictions based upon those statutes.

For the foregoing reasons, the court finds that no actual "case or controversy" exists to make this action justiciable. Ac-

---

2. Plaintiff incorporated the pleadings in *Goldsmith v. 4447 Corporation,* No. 83–1788 (Marion County Circuit Court 1983) in his motion for summary judgment as evidence of the inconsistent interpretation of the two violation requirement by the Attorney General's Office.

3. The court stated: "The uncertainty of whether the Indiana RICO statutes could presently be applied to J.N.S. underscores the speculative nature of its claim at this point." *J.N.S., Inc. v. State of Indiana,* 712 F.2d 303, 306 (7th Cir. 1983).

cordingly, it is ordered that the motion for summary judgment for the defendants, State of Indiana, *et. al.*, be, and the same hereby is, GRANTED. The motion for summary judgment of plaintiffs, Ronald Sappenfield, Scandanavian Adult News, Inc., and Reel Thing, Inc. is DENIED.