HIGH ADVENTURE MINISTRIES, INC.,
Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent-Appellee.

No. 83-7245.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 3, 1984.

Decided Feb. 22, 1984.

Ronald J. Maciel, Hanford, Cal., for petitioner-appellant.

Jay W. Miller, Washington, D.C., for respondent-appellee.

Petition for Review from the United States Tax Court.

Before SCHROEDER and REINHARDT, Circuit Judges, and SOLOMON,* Senior District Judge.

REINHARDT, Circuit Judge:

Petitioner, High Adventure Ministries, Inc., appeals an order of the Tax Court, 80 T.C. 292, dismissing its claims for a declaratory judgment and injunctive relief on the ground that the court lacked jurisdiction under section 7428 of the Internal Revenue Code. The Tax Court held that there was no actual controversy regarding a determination of High Adventure's continuing qualification as an exempt organization. We affirm.

High Adventure Ministries, Inc. was recognized as a church under 26 U.S.C. § 170(b)(1)(A)(i) (1976) in 1973 and was accordingly deemed exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code at that time.

On July 28, 1980, the IRS, Los Angeles District, notified High Adventure that it intended to investigate its exempt status. On October 8, 1980, the District Director for the Los Angeles District sought information pertinent to the investigation from High Adventure. On October 22, 1980, High Adventure wrote to the District Director objecting to the examination as in violation of the Constitution and of section 7605(c) of the Code. The District Director again requested the information on December 5, 1980.

By letter dated March 27, 1981, the Acting Commissioner of the Western Region notified High Adventure that the Los Angeles District office had been authorized under sections 7602 and 7605(c) of the Code to examine petitioner's books and records. High Adventure contested the authority of the IRS to examine its books in a letter dated April 19, 1981, alleging that the IRS investigation was politically motivated and without reasonable cause. At that time High Adventure requested that authorization for the investigation of its status be

withdrawn. By letter dated August 6, 1981, the IRS responded and advised High Adventure that the authorization for the examination was proper and would not be withdrawn. High Adventure requested a ruling on its request that the authorization be withdrawn in a letter dated September 25, 1981. The IRS again declined to withdraw the authorization by letter dated December 16, 1981.

On March 1, 1982, High Adventure filed a petition with the Tax Court, pursuant to section 7428, seeking a declaratory judgment that the IRS is without authority to audit petitioner and an injunction against the investigation.

The Tax Court entered an order of dismissal on January 31, 1983 holding that the court lacked jurisdiction because there was no actual controversy involving a determination, or a failure to make a determination, with regard to High Adventure's exempt status.

Section 7428 of the Internal Revenue Code authorizes certain federal courts, including the Tax Court, to issue declaratory judgments relating to the qualification or classification of charitable and other nonprofit organizations. The section is applicable, however, only where there is an actual controversy involving either a determination by the IRS, or a failure to make a determination, with respect to an organization's initial or continuing qualification as an exempt organization. A taxpayer may challenge the *failure* of the IRS to make a determination only when it has made a proper request for a determination and the IRS has not acted upon the request within 270 days. The determination, or unacted upon request for a determination, must directly place at issue the organization's classification or qualification under the sections listed in section 7428(a)(1)(A)–(C), and must cause sufficient adverse consequences to that organization to justify a finding of an

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

actual controversy. *Create, Etc., Inc. v. Commissioner,* 634 F.2d 803 (5th Cir.1981).

■ Here we agree with the Tax Court that there is neither an adverse determination nor an unacted upon request for a determination. The written requests made by petitioner are requests regarding the authority of the IRS to conduct an examination or an audit of petitioner's records, not requests for determination of its tax exempt status.

Moreover, both the Fifth and the Seventh Circuits have considered the question of jurisdiction under section 7428 and have concluded that section 7428 only confers jurisdiction to review an IRS ruling that places an organization's tax exempt status directly at issue. In *Urantia Foundation v. Commissioner,* 684 F.2d 521 (7th Cir.1982), the Seventh Circuit upheld the Tax Court's dismissal of a tax exempt organization's petition for a declaratory judgment invalidating an IRS letter ruling that chain stores are "persons" to whom books are sold for purposes of section 509(a)(2)(A)(ii). The court rejected appellant's argument that since section 7428 grants jurisdiction for the review of determinations "with respect to" the qualification or classification of the organization, any ruling which affects its tax status or the manner of doing business is reviewable. After examining the language of the statute and its legislative history the court concluded that the ruling was not reviewable under section 7428(a)(1) because "while the Foundation argues that the ruling will affect its tax status, that contention is speculative .... It is settled law that an actual controversy, in the context of declaratory judgment actions, must be one which exists in fact and not one which may occur in the future." 684 F.2d 521, 525. *Accord, Create Etc., Inc. v. Commissioner,* 634 F.2d 803 (5th Cir.1981) (court did not have jurisdiction under section 7428 to review adverse determination by IRS as to whether certain contributions were subject to 2% limitation); *AHW Corp. v. Commis-*

*sioner,* 79 T.C. 390 (1982); *New Community Senior Citizen Housing Corp. v. Commissioner,* 72 T.C. 372 (1979). *See also Zimmer v. Connett,* 640 F.2d 208 (9th Cir.1981) (taxpayer's request for declaratory judgment that IRS lacked authority to inspect their books for a second time dismissed for lack of jurisdiction because taxpayer had an adequate remedy at law).

We find the interpretation of section 7428 by the Fifth and Seventh Circuits persuasive and adopt it. Moreover, here the IRS is still only in the investigative stage and has not issued any ruling affecting petitioner's tax exempt status, directly or indirectly. Thus, the case for dismissal of petitioner's request for declaratory judgment is even stronger than the cases considered by the Fifth and Seventh Circuits. We therefore hold that the Tax Court was correct in concluding that petitioner has failed to allege an actual controversy under section 7428. We agree with the Tax Court that:

> While there may indeed be an adverse controversy between the parties herein regarding whether petitioner should be examined, we cannot find that there exists a similar adverse controversy of sufficient immediacy and reality regarding petitioner's exempt status. The question of petitioner's exempt status is at least one step removed from the question of the examination: Even if the petitioner continues to fail to cooperate with the examination, there is no guarantee that the key district director will determine that its exemption should be revoked.

■ Finally, petitioner argues that under section 7605(c) an audit of church records may only be conducted where reasonable cause exists to believe the church is engaging in prohibited activity, and that no such cause exists here.[1] While we note that at least one other circuit has rejected the contention that the IRS must make a special showing of relevance before examining the financial records of a church to determine

---

1. Since petitioner here is seeking declaratory relief regarding the procedure to be used in conducting an audit, and not a determination

regarding its tax status, § 7428 is clearly applicable to this part of its claim.

whether the organization is entitled to exempt status, *United States v. Dykema,* 666 F.2d 1096 (7th Cir.1981), we need not decide petitioner's claim here. Because petitioner has an adequate remedy at law for the alleged violation of section 7605(c), the Tax Court's dismissal of this part of its claim for equitable relief was proper. A taxpayer who is the subject of a challenged audit and who wishes to assert a good faith objection need not surrender his records prior to judgment in an enforcement proceeding. He therefore "suffers no damage before having an opportunity to assert his defenses." *Zimmer v. Connett,* 640 F.2d 208, 209 (9th Cir.1981).

Because High Adventure's request for a declaratory judgment that the IRS lacks authority to investigate its tax status presents no actual controversy involving a determination of High Adventure's continuing qualification as an exempt organization under section 7428, and because there was no jurisdiction over its claim that the IRS is required to show cause before examining church records, the tax court's dismissal of the action for lack of jurisdiction is

AFFIRMED.