892 F.2d 1045
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Appellee,
v.
R. David MULKEY; Phyllis E. Mulkey; Robert J. Wright,
Defendants-Appellants,
and
Internal Revenue Service; U.S. Department of the Treasury,
Defendants.
 No. 88-3793.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 31, 1989.*
Decided Dec. 22, 1989.
 
 Before EUGENE A. WRIGHT, TANG and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Robert Wright appeals the district court's order dismissing his cross-claim against the Internal Revenue Service ("IRS") and the court's subsequent order remanding this case to the Oregon state court. The district court dismissed Wright's cross-claim against the IRS because the cross-claim failed to state sufficient facts upon which to base a mandamus order. Subsequently, the district court ruled that it had no basis for federal jurisdiction over the suit once the IRS had been dismissed and the court remanded the case. We affirm the district court's rulings.
 
 FACTS
 
 3
 In 1986, the Federal Deposit Insurance Corporation ("FDIC") filed a foreclosure action in an Oregon state court against several defendants including Robert Wright ("Wright"). In December of 1986, Wright filed an answer to the complaint. That answer included a cross complaint against the IRS and also included a paragraph entitled "Cross Claim in Nature of Mandamus." The "cross claim" appears to ask the court to hold a hearing as to why certain IRS liens and judgments should have attached to the property at issue in the foreclosure action.
 
 
 4
 The IRS responded by filing a petition for removal to the district court. The IRS based its petition on 28 U.S.C. § 1442. The IRS then filed a motion to dismiss Wright's complaint. The district court granted the motion to dismiss because it did not have jurisdiction to grant a petition for mandamus against the IRS. Wright appealed the district court's ruling and this court denied the appeal because we lacked jurisdiction to hear the case as the appeal was premature.
 
 
 5
 After Wright's appeal was denied, the FDIC requested the district court to remand the case to the state court. The district court granted the motion and stated that the court no longer had jurisdiction over the case because the IRS had been dismissed. Wright now appeals the district court's order dismissing his cross-claim against the IRS and the court's order remanding the case. We affirm.
 
 STANDARDS OF REVIEW
 
 6
 This court reviews de novo a district court's decision to dismiss a cause of action. See Mace Neufeld Prod., Inc. v. Orion Pictures Corp., 860 F.2d 944, 946 (9th Cir.1988). Generally, a district court's remand order may only be reviewed via mandamus and not via appeal. See Survival Systems Div. of the Whittaker Corp. v. United States Dist. Ct., 825 F.2d 1416, 1418 (9th Cir.1987), cert. denied, --- U.S. ----, 108 S.Ct. 774, 98 L.Ed.2d 861 (1988).[1]
 
 DISCUSSION
 
 7
 A. Dismissal of Cross-Claim For Mandamus.
 
 
 8
 A court may not grant a party's request for mandamus against a United States agency unless that party first establishes two facts. First, the party must establish that the United States has waived its sovereign immunity and permits the agency to be sued. See Smith v. Grimm, 534 F.2d 1346, 1352 n. 9 (9th Cir.), cert. denied, 429 U.S. 980, 97 S.Ct. 493, 50 L.Ed.2d 589 (1976). Second, the party must establish that his claim is certain and clear and that the act sought to be compelled is a ministerial act that the agency has a positive duty to perform. Id. at 1352.
 
 
 9
 In this case, Wright's request for mandamus might be premised on 28 U.S.C. § 2410. However, section 2410 does not open the door to litigation on the merits of a tax assessment. See Zimmer v. Connett, 640 F.2d 208 (9th Cir.1981) (approving of Second Circuit case that did not allow taxpayer to sue IRS to remove a tax lien). A taxpayer may only challenge the validity of a tax assessment by filing a claim in the Tax Court or, upon paying the assessment, in a refund action in the district court or the Court of Claims. Id.
 
 
 10
 In this case, Wright has asked that the court compel the IRS to defend its lien against Wright's property. Section 2410 does not provide Wright with the necessary waiver of sovereign immunity for that purpose. Since Wright cannot establish that the United States has waived its sovereign immunity for this type of claim, we need not discuss whether mandamus would have been appropriate had there been a waiver of sovereign immunity. The district court correctly dismissed Wright's cross-claim.
 
 
 11
 B. Remand Order.
 
 
 12
 At the time of the district court's remand, a court's order remanding a case to a state court was not reviewable if the district court ordered the remand because the case had been improvidently removed. 28 U.S.C. §§ 1447(c) and (d).[2] However, Section 1447(d) only prohibited review of those remand orders which were based on a district court's finding that removal was improvidently granted and was without jurisdiction. See Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). Section 1447(d) does not prohibit review if removal was properly granted but some later action deprives the court of jurisdiction. See, e.g., Survival Systems Div. of the Whittaker Corp. v. United States Dist. Ct., 825 F.2d 1416 (9th Cir.1987), cert. denied, --- U.S. ----, 108 S.Ct. 774, 98 L.Ed.2d 861 (1988) (Removal proper but court subsequently dismissed all of the federal causes of action and then remanded case.)[3]
 
 
 13
 In this case, removal was proper as the IRS was brought in as a third party defendant. See 28 U.S.C. § 1442. However, the district court subsequently dismissed the claims against the IRS. The court then refused to exercise pendent jurisdiction and remanded the case to state court. The district court acted consistently with the law in this circuit. We have held that it is inappropriate for a district court to retain jurisdiction solely for the purpose of deciding pendent state claims. Durham v. Kelly, 810 F.2d 1500, 1506 (9th Cir.1987); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Therefore, the district court's remand order was correct.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It should be briefly noted here that the court of appeals has jurisdiction to review the district court's dismissal of Wright's cross-claim against the IRS. Once the district court refused to exercise pendent jurisdiction over the state law claims, that court's previous ruling to dismiss the IRS became a final order on a substantive issue of law. See, e.g., Gallea v. United States, 779 F.2d 1403 (9th Cir.1986). Wright's only opportunity to have the dismissal reviewed is on this appeal. Id. at 1404. This case is unlike other cases where the district court remands the entire action to state court because removal was improper. In those cases, the court of appeals has no jurisdiction to review the remand. That is true even if the remand is on grounds that involve the construction of federal law, such as ERISA. See Hansen v. Blue Cross, No. 88-5910, slip op. at 12209 (9th Cir. Oct. 2, 1989)
 
 
 [2]
 The remand statute has since been amended. See 28 U.S.C. §§ 1447(c) and (d), as amended by Judicial Improvements and Access to Justice Act of 1988, Pub.L. No. 100-702, Title X, § 1016(c), 102 Stat. 4670 (1988)
 
 
 [3]
 When a court reviews remand orders which are not based on 28 U.S.C. § 1447(d), it does so by writ of mandate if no substantive decision on the merits was involved. See Thermtron Products, Inc., 423 U.S. at 352, 96 S.Ct. at 593-94. Thermtron applies to an order remanding pendent state claims. See also Hansen v. Blue Cross, slip op. at 12215. Here Wright filed a notice of appeal from the remand order, rather than seeking a writ of mandate. However, we have decided that we will exercise our discretion to treat the notice of appeal as a petition for a writ. National Org. for Reform of Marijuana Laws v. Mullen, 828 F.2d 536, 541 (9th Cir.1987); Hartland v. Alaska Airlines, 544 F.2d 992, 1001 (9th Cir.1976)