**RICHARD AMES, Plaintiff,**

**v.**

**DEPARTMENT OF TREASURY, TAX OFFICE, AND
JOYCE STEWART, Tax Director, Defendants.**

High Court of American Samoa
Trial Division

CA No. 115-99

Before KRUSE, Chief Justice, TUAOLO, Chief Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, *Pro Se*
For Defendants, Fiti A. Sunia, Assistant Attorney General

### ORDER ON DEFENDANT'S MOTION TO DISMISS AND ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Richard D. Ames ("Ames") initiated this action on November 12, 1999 with his filing of a "Motion to Quash and/or Terminate Summons and Second Re-examination of Tax Returns." Ames then subsequently filed an "Amended Complaint" on November 15, 1999, alleging five causes of action against defendants arising out of the Tax Office's alleged improper administration of Ames' tax audit.

### Facts

This dispute arises out of an audit of Ames' tax returns. After much back and forth between Ames and the Tax Office, the Tax Office served Ames with a summons on October 26, 1999, requesting the production of certain business records. Ames refused to provide these records, choosing instead to seek relief from this Court. Both his original pleading and his amended complaint, the latter served on November 15, 1999, request that the Court quash the Tax Office summons, end its audit, and direct the Tax Office to issue either a letter of understanding or a letter of deficiency based on its findings to date. Defendants submitted their motion to dismiss to the Court on December 6, 1999, and it was filed the next day. Ames asserts that he did not receive notice of the motion until December 7, 1999. Based on the date he received notice, which was one day after the statutorily permitted 20 days to file and serve an answer, Ames filed a motion for default judgment on December 8, 1999. Plaintiff and defense counsel argued both the motion to dismiss and the motion for default judgment at a hearing held on January 24, 2000.

## Discussion

### A. Motion for Default Judgment

■ Ames bases his motion for default judgment on the requirements of T.C.R.C.P. 12(a). This rule requires that a defendant "serve answer within 20 days after the service of the summons and complaint against him . . ." Ames served a summons and complaint upon the Tax Office on November 15, 1999, and asserts that he did not receive notice of the answer until approximately 2 p.m. on December 7, 1999. Based on these dates, he argues that the motion was not served within the requisite 20 day period. Calculations made according to T.C.R.C.P. 6(a) support Ames' position and show that defendants did not serve him until 21 days after he served his complaint.

■ Defendants' tardy service does not, however, entitle Ames to a default judgment. First, T.C.R.C.P. 55(e) states that "[n]o judgment by default shall be entered against the American Samoa Government . . . or an officer or agency . . . unless the claimant established his claim or right to relief by evidence satisfactory to the court." Second, we have held that a court must scrutinize the evidence before any default judgment may be entered. *Scalise v. Gorniak*, 26 A.S.R.2d 85, 86 (Trial Div. 1994). Third, default judgments are drastic remedies that are to be used only in extreme situations, such as where the adversary process has been essentially halted by an unresponsive party. *H.F. Livermore Corp. v. Aktiengeschellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970). Serving an answer a day late does not even approach such an extreme situation. The Court will therefore deny Ames default judgment and address the merits of the complaint.

### B. Motion to Dismiss

#### 1. T.C.R.C.P. 12(b)(6)

Defendants base their motion to dismiss on T.C.R.C.P. 12(b)(6). This rule directs the court to dismiss complaints that fail to state a claim upon which relief can be granted. Defendants assert that Ames has failed to allege claims warranting relief for two reasons. First, the Internal Revenue Code prohibits suits that interfere with the Tax Office's ability to assess taxes. Second, the Department of Treasury, the Tax Office, and their employees, as agencies of the government and its employees, cannot be sued because there exists no statutory authorization permitting suits against them.

■ "The . . . standard with motions of the type before us [12(b)(6)] is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." *Moeisogi v. Faleafine*, 5 A.S.R.2d 131-134 (Land & Titles Div. 1987) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). In considering a 12(b)(6) motion, the court assumes the allegations in the complaint are true. *Rogin v. Bensalem Twp.*, 616 F.2d 680, 685 (9th Cir. 1980). The burden of proving the absence of a claim rests on the party seeking dismissal. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). For the reasons discussed below, defendants have met this burden, and as a result, their motion to dismiss is granted.

### 2. Ames Has No Valid Claims Under the Tax Code

Defendants first argue that Ames has no valid claim under the tax code. We agree, for reasons laid out in the paragraphs that follow.

■ A.S.C.A. § 11.0408 confers jurisdiction on the High Court with respect to disputes concerning the American Samoa income tax. Thus, Ames is in the right place to file suit against the American Samoa Government. The territorial legislature has incorporated by reference the United States Internal Revenue Code, 26 U.S.C. § 1 *et seq.*, for income taxation in American Samoa. A.S.C.A. § 11.0403, *Klauk v. Am. Samoa Gov't*, 13 A.S.R.2d 52, 55 (Trial Div. 1989). The sections of the IRS code under which Ames has asserted claims, namely 26 U.S.C. §§ 6201(d) and 7521(b) (2000), are thus included in the American Samoa income tax laws.

Ames, however, fails to demonstrate that relief can be granted on these claims. The sections he cites can serve as a basis for relief only in certain situations, none of which are applicable in the current case.

■ Ames bases his first claim on 26 U.S.C. § 7521(b), which describes procedures involving taxpayer interviews. Ames asserts that he was never informed of the procedure governing or his rights under the audit process, as required by this section. Taking this assertion as true means that Ames was denied protection under the statutory scheme and gives rise to the possibility of a due process claim. However, Ames has not cited, and neither has the Court found, any instance in which failure to abide by the requirements of § 7521(b) gave rise to a cause of action. In the absence of such precedent this Court will not enjoin the tax office from investigations when it appears that Ames has independently apprised himself of his rights and is at this moment exercising them to the fullest extent possible.

■ Claims two through four are grounded in 26 U.S.C. § 6201(d), which refers the reader to Subchapter B, entitled "Deficiency Procedures." We are unable to find any provisions in this subchapter on which Ames could base a claim to quash summons and prevent investigation. While

§ 6212 requires that defendants issue a notice of deficiency before attempting to assess the same, it does not require that defendants issue such notice at any specific point in the audit. Ames' claims based on this section, numbers 2, 3, and 4, thus fail to state a claim upon which relief can be based.

Ames' fifth claim asserts that defendants' requests for further information are "clearly in further violation of the IRS code, due process and audit procedures," but this is anything but clear to the Court. Ames cites no law to support this assertion, and although the Court is willing to construe pleadings in the favor of those facing motions to dismiss, and especially so in the case of those defending themselves without the benefit of counsel, it is not inclined to research and assert valid claims *sua sponte*. Ames' fifth claim is simply too vague to resist the motion to dismiss.

■ Even if Ames could assert claims under the sections cited above, they would be barred by 26 U.S.C. § 7421(a). This section, commonly known as the Anti-Injunction Act, prohibits suits against the tax office for its actions in assessing and collecting taxes. *Alamoana Recipe Inc. v. Am. Samoa Gov't*, 24 A.S.R.2d 156, 157-58 (Trial Div. 1993). More specifically, courts have held that this section does not permit a court to enjoin a summons. *See Anderson v. Internal Revenue Serv.*, 371 F. Supp. 1278, 1281 (D. Wyo. 1974); *Ramos v. United States*, 375 F. Supp. 154, 156 (E.D. Pa. 1974). The Ninth Circuit has also held that § 7421(a) prohibits taxpayers from obtaining an injunction compelling the tax office to grant taxpayers a hearing before permitting an additional inspection of their books. *Zimmer v. Connett*, 640 F.2d 208, 210 (9th Cir. 1981). Finally, courts are agreed that § 421(a) denies suits based on alleged harassment by tax officials, barring their exceeding statutory authority. *See, e.g., Black v. United States*, 534 F.2d 524 (2d Cir. 1976). Ames' request for the Court to quash summons and enjoin the tax office from further assessment actions are thus precluded by this enactment.

■ Ames' sole course of action at this point is to comply with the requests of the tax office. If the office concludes that Ames owes taxes, it must issue a notice of deficiency under 26 U.S.C. § 6212 as a prerequisite to assessment. *Klauk*, 13 A.S.R.2d at 55, *Robinson v. United States*, 920 F.2d 1157, 1158 (3d Cir. 1990). At that point Ames can challenge the deficiency by petitioning this Court under 26 U.S.C. § 6213, which provides for an exception to the general prohibition on suits contained in 26 U.S.C. § 7421(a). *See Laino v. United States,* 633 F.2d 626, 630 (2d Cir. 1980).

3. *Sovereign Immunity Does Not Bar a Taxpayer Suit Concerning Deficiency or Refund*

■ Defendants assert that, even if Ames has valid claims under the tax code, they are barred by the doctrine of sovereign immunity generally enjoyed by ASG agencies. Defendants are incorrect. In the case of tax proceedings, Congress deliberately waived sovereign immunity by providing for deficiency hearings and refund suits. *Klauk*, 13 A.S.R.2d at 60. As an alternative to naming the Tax Office and the Director of the Tax Office, Ames could thus name the American Samoa Government as a defendant in a suit founded on valid claims.

### Order

For the reasons stated above, defendants' motion to dismiss is granted.

It is so ordered.