FIRST NATIONAL BANK OF CINCINNATI, OHIO, Executor of the Estate of Jane Wight Huffman; Ira E. Wight, Jr.; Daniel E. Wight; Eugene F. Williams, Jr.; Georgie W. Lewis; and Marie W. Von Gontard, Appellants,

v.

GENERAL ASSEMBLY MISSION BOARD OF the PRESBYTERIAN CHURCH IN the UNITED STATES, INC., a Georgia Corporation and Madison National Bank of Richmond, Executor of the Estate of Pearl W. Burnam, Deceased, Appellees.

GENERAL ASSEMBLY MISSION BOARD OF the PRESBYTERIAN CHURCH IN the UNITED STATES, INC., Cross-Appellant,

v.

FIRST NATIONAL BANK OF CINCINNATI, OHIO, Executor of the Estate of Jane Wight Huffman; Ira E. Wight, Jr.; Daniel E. Wight; Eugene F. Williams, Jr.; Georgie W. Lewis; and Marie W. Von Gontard, Cross-Appellees.

Court of Appeals of Kentucky.

Sept. 26, 1980.

Rehearing Denied Dec. 12, 1980.

Discretionary Review Denied Feb. 13, 1981.

Larry M. Greathouse, Spurlin & Greathouse, Richmond, for appellants and cross-appellees.

Richard Bush, Jr., Robert M. Beck, Jr., Harbison, Kessinger, Lisle & Bush, Lexington, A. R. Burnam, Burnam & Thompson, Richmond, for appellees and cross-appellant.

Before COOPER, LESTER and WINTERSHEIMER, JJ.

COOPER, Judge.

This is an appeal and cross-appeal from a declaratory judgment determining that a gift of a testatrix's residuary estate to a corporation was valid, and had not lapsed. The issues presented herein are: (1) whether the trial court erred in determining that a bequest to a corporation passes to its successor corporation subsequent to any merger; and (2) whether the trial court erred in determining that the doctrine of cy pres was inapplicable herein. On review, we find no error in the actions of the trial court.

On January 21, 1976, the appellee, Madison National Bank of Richmond, as executor of the estate of Pearl W. Burnam, instituted a declaratory judgment action, pursuant to KRS 418.040–418.090, for a declaration of rights with respect to conflicting claims as to the residuary portion of her estate. A declaration of rights was sought with respect to Article Eighth of the decedent's will, said will executed on August 21, 1957. Article Eighth stated as follows:

All the rest, residue and remainder of my property of which I may die seized or possessed and of every nature and description, real, personal or mixed and wheresoever the same may be and whether acquired before or after the execution of my Last Will and Testament, and including in such rest, residue and remainder, all property hereinbefore attempted to be disposed of, the disposition of which shall fail to take effect by reason of lapse or other cause (the devise in Article Fourth shall not fail to take effect by reason of lapse or any other cause) I give, devise and bequeath, with appurtenances in fee simple to the Board of World Missions of the Presbyterian Church in the United States, Inc., address 113 Sixteenth Avenue, South Nashville, Tennessee, for the promotion of world peace or otherwise, to be expended and used for its appropriate objects and in its sole discretion.

Subsequent to the execution of her will, the testatrix executed a codicil on July 29, 1968. However, such codicil did not amend the residuary bequest. The testatrix died on November 29, 1974.

On November 1, 1973, the Board of World Missions, the beneficiary of the residuary bequest, merged with and into the General Executive Board of the General Assembly of the Presbyterian Church in the United States, Inc. The Board of World Missions was a Tennessee corporation, whereas the General Executive Board was, and is, a Georgia corporation. Subsequent to the merger, the General Executive Board became the sole surviving corporation. Con-

sequently, conflicting claims arose between the heirs at law of the decedent, the appellants herein—First National Bank of Cincinnati, Ohio, executor of the estate of Jane Wight Huffman; Ira E. Wight, Jr.; Daniel E. Wight; Eugene F. Williams, Jr.; Georgie W. Lewis; and Marie W. Von Gontard—and the cross-appellant, the General Assembly Mission Board of the Presbyterian Church. The appellants argued that the gift lapsed, and therefore passed to them through the will. Conversely, the appellee argued that the bequest passed to it as the successor to the Board of World Missions. Additionally, the appellee, as cross-appellant, argued that the doctrine of cy pres made the gift valid. The trial court determined that the appellee was the successor to the Board of World Missions and the intent of the testatrix would be fulfilled if the bequest went to it. It further determined that the doctrine of cy pres was inapplicable. It is from this judgment that both the appellant and the cross-appellant appeal.

Under CR 52.01, an appellate court will not set aside findings of fact unless clearly erroneous. A trial court, rather than an appellate court, is in the best position to weigh the evidence and the credibility of the witnesses. Here, the trial court determined that the intent of the testatrix would be furthered if the residuary bequest passed to the appellee. Specifically, it held that there was no evidence the testatrix had an interest in the continuing corporate existence of the Board of World Missions. Rather, her intent was to create a fund to be administered by the foreign mission division of the Presbyterian Church in the United States, and that such intent would be fulfilled by the fund being administered by the appellee. Effectively, the trial court held that the appellee continued the same substantial work initially carried on by the Board of World Missions.

On appeal, the appellants argue that the testatrix's residuary bequest should lapse given the fact that the object of that bequest, The Board of World Missions, had no corporate existence at the time of her death. *Kentucky Children's Home v.*

*Woods,* 289 Ky. 20, 157 S.W.2d 473 (1941). They argue that the corporate merger between the General Executive Board and the Board of World Missions resulted in the corporate nonexistence of the latter, the sole surviving corporation being the former. That surviving corporation subsequently changed its name to the General Assembly Mission Board of the Presbyterian Church in the United States, Inc. Given the fact of this merger, together with the legal extinction of the Board of World Missions, the appellants argue that the residuary gift lapsed and should revert to the heirs at law of the testatrix.

The trial court rejected this argument, ruling that under the law of this jurisdiction, a charitable bequest to a corporation which merges into a second corporation passes to the successor corporation. *Eitel v. John N. Norton Memorial Infirmary,* Ky., 441 S.W.2d 438 (1969). With this we are in agreement. Although the merger between the Board of World Missions and the General Executive Board resulted in a new, distinct corporation, it did not, by implication, destroy the functional or operational integrity of either corporation. Rather, it caused the separate legal identity of one of the two corporations to cease to exist. *Central University of Kentucky v. Walters' Exrs.,* 122 Ky. 65, 90 S.W. 1066 (1906). Subsequent to the merger, the functions and operations of the Board of World Missions continued to exist, albeit under a different name and legal identity. *Eitel, supra,* at p. 442. Consequently, we believe that the effect of the merger upon the testatrix's residuary bequest is that the bequest vests in the newly created corporation, appellee herein.

Given our ruling, we decline to reach the question of whether the doctrine of cy pres is applicable.

The judgment is affirmed.

All concur.