**BAPTIST HOSPITALS, INC., and BHI Management Corporation, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 682–85T.

United States Claims Court.

April 24, 1987.

John E. Evans, Louisville, Ky., attorney of record, for plaintiffs. Friedman, Evans & Bishop, Louisville, Ky., and Marion Edwyn Harrison, Washington, D.C., of counsel.

Ellen K. McGee, Washington, D.C., with whom was Asst. Atty. Gen., Roger M. Olsen, for defendant.

## OPINION

WIESE, Judge.

In December 1983, BHI Management Corporation ("Management"), a Kentucky corporation, applied for recognition as a tax-exempt organization under I.R.C. § 501(c)(3). The application was denied by the Internal Revenue Service ("IRS"), and shortly thereafter Management merged into Baptist Hospitals, Inc., a tax-exempt corporation. Baptist Hospitals, the surviving corporation, then brought suit here under I.R.C. § 7428 seeking a declaratory judgment reversing the IRS' rejection of Management's application for tax-exempt status.

The Government moves to dismiss the complaint on grounds that Baptist Hospitals does not have standing to seek declaratory relief under § 7428 in behalf of Management. Defendant maintains that standing to sue under the statute is limited exclusively to the organization whose tax status is directly at issue. Baptist Hospitals opposes the motion, contending that it has standing to seek declaratory relief as the successor to Management's legal rights. Briefs have been submitted, and oral argument has been heard. The court now grants defendant's motion.

## DISCUSSION

■ Pursuant to I.R.C. § 7428(a), the Claims Court has jurisdiction to grant declaratory relief in "a case of actual controversy" over an IRS denial or revocation of an organization's tax-exempt status under § 501(c)(3). Section 7428(b)(1) provides that "[a] pleading may be filed under this section only by the organization the qualification or classification of which is at issue." Thus, by the plain words of the statute, declaratory relief may be sought only by the entity whose tax status is immediately in question. The issue at hand is whether this statutory requirement can be satisfied by Baptist Hospitals as the survivor of a corporate merger.

■ The immediate answer to the question would appear to be "no", inasmuch as Management, the corporation which initially sought the IRS ruling on its tax exemption, ceased to have any separate existence following its merger into Baptist Hospitals. The state statute controlling corporate mergers, Ky.Rev.Stat.Ann. § 273.291(2)(b) (Bobbs-Merrill 1981), plainly provides that "[t]he separate existence of all corporations parties to the plan of merger or consolidation, except the surviving or new corporation, shall cease."

■ Plaintiff argues, however, that even though Management retained no separate identity, nonetheless its legal rights and obligations were inherited by the surviving corporation. Plaintiff refers the court to Ky.Rev.Stat.Ann. § 273.291(2)(e), which provides in pertinent part:

[A]ny claim existing or action or proceeding pending by or against any of such [merged] corporations may be prosecuted as if such merger or consolidation had not taken place, or such surviving or new corporation may be substituted in its place.

Therefore, plaintiff contends, Baptist Hospitals may exercise the same right to declaratory relief under § 7428 that Management would have enjoyed had it not been merged.

Although plaintiff's argument is certainly not a spurious one, the court is not

persuaded that its rationale fits this case. The fact that an action may be brought as if the pre-merger corporation had continued to exist is not the same as saying that the pre-merger corporation in fact does continue to exist as "the organization the qualification or classification of which is at issue." And therein lies the problem. Absent that corporation's on-going existence as an individual entity, the concerns that create an "actual controversy" redressable through declaratory relief under § 7428 also cease to exist.

■ That fact is clear from the purposes Congress sought to achieve in passing the statute. Section 7428 was intended to provide a special declaratory remedy in situations where an organization was in immediate danger of losing its sources of contributions because the IRS had denied or revoked its tax-exempt status. H.R.Rep. No. 658, 94th Cong., 1st Sess. 282–84 (1976), U.S.Code Cong. & Admin.News 1976, p. 2897. The statute was passed specifically in response to the Supreme Court's decisions in *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974), and *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974), which had held that, despite the practical hardship that the denial or revocation of tax-exempt status might have on a charitable organization, declaratory relief to reverse an adverse IRS ruling was not available in the absence of a statute expressly conferring such authority on the courts.

The remedy in § 7428 was meant to be narrowly applied to that specific problem. As the House Report stated:

This provision is intended to facilitate relatively prompt judicial review of the specified types of exempt organization [status] issues; it is not intended to supplant the normal avenues of judicial review (redetermination of a deficiency or suit for refund of taxes) where those normal procedures could be expected to provide opportunities for prompt determinations. [H.R.Rep. No. 658 at 286, U.S.Code Cong. & Admin.News 1976, p. 3182].

It was therefore perfectly logical for Congress to limit standing to those organizations which might actually be at risk of immediate harm as a result of a denial or revocation of tax-exempt status.

Because it no longer exists, Management is in no peril of losing contributions. Plaintiff suggests no reason why Management's pre-merger claim to tax-exempt status could not be adequately addressed through ordinary channels of judicial review. The denial of tax-exempt status could be challenged in due course in a tax refund suit under I.R.C. § 7422, and the Government in its brief concedes as much. Thus, even if this court otherwise had the power to do so, there would be no reason not to give effect to the plain language of § 7248.

## CONCLUSION

For the reasons stated, plaintiff's complaint is to be dismissed. No costs.