**BAPTIST HOSPITALS, INC., and BHI Management Corporation, Plaintiffs–Appellants,**

v.

**The UNITED STATES, Defendant–Appellee.**

**No. 87–1390.**

United States Court of Appeals, Federal Circuit.

July 12, 1988.

John E. Evans, Friedman, Evans & Bishop, P.S.C., Louisville, Ky., argued for plaintiffs-appellants. With him on the brief was I. Jay Katz, Louisville, Ky. Also on the brief was Marion Edwyn Harrison, Washington, D.C., of counsel.

Joan I. Oppenheimer, Dept. of Justice, Washington, D.C., argued for defendant-appellee. With her on the brief were William S. Rose, Jr., Acting Asst. Atty. Gen., Michael L. Paup and Robert S. Pomerance, Washington, D.C.

Before FRIEDMAN, DAVIS,* and MAYER, Circuit Judges.

---

\* Judge Davis, who died on June 19, 1988, took no part in the decision of this case.

## OPINION

MAYER, Circuit Judge.

Baptist Hospitals, Inc. (Baptist Hospitals) and BHI Management Corporation (BHI) appeal the judgment of the United States Claims Court, 12 Cl.Ct. 189 (1987), that the denial by the Internal Revenue Service (IRS) of BHI's application for tax exempt status could not be contested through a complaint for declaratory judgment after BHI merged into Baptist Hospitals. We reverse.

### Background

In December 1983, BHI, a corporation formed in Kentucky to provide management services to health care organizations, applied for tax exempt status under section 501(c)(3) of the Internal Revenue Code.** In August 1985, the IRS denied the application and, in September, BHI merged into Baptist Hospitals, a Kentucky corporation with tax exempt status under section 501(c)(3).

Baptist Hospitals and BHI then filed this suit in the Claims Court seeking a declaratory judgment under section 7428 that BHI qualified as a tax exempt organization. The court granted the government's motion to dismiss because "[a]bsent [BHI's] on-going existence as an individual entity, the concerns that create an 'actual controversy' redressable through declaratory relief under § 7428 also cease to exist." 12 Cl.Ct. at 191. On appeal, Baptist Hospitals and BHI argue that Kentucky law did not preclude them from bringing this suit and that it was within the scope of both the federal statute and its legislative history.

### Discussion

■ Section 7428(a) provides, in pertinent part, that in "a case of actual controversy" the Claims Court "may" grant declaratory relief when the IRS denies an organization's request for tax exempt status under section 501(c)(3) or revokes that

---

\*\* Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, 26 U.S.C.

status. Under section 7428(b)(1), "A pleading may be filed under this section only by the organization the qualification or classification of which is at issue." Because BHI merged into Baptist Hospitals, the government says that under Kentucky law BHI "ceased to have any separate existence following its merger into Baptist Hospitals" and, therefore, Baptist Hospitals was not "the organization the qualification or classification of which is at issue." We disagree with this perspective.

In determining whether BHI's merger into Baptist Hospitals precludes Baptist Hospitals from being "the organization the qualification or classification of which is at issue," we must look to the applicable state law. *See Aquilino v. United States*, 363 U.S. 509, 513, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365 (1960); *see also* RUSCC 17(b). Section 273.291(2)(b) of the Kentucky Revised Statutes, provides that "[t]he separate existence of all corporations parties to the plan of merger or consolidation, except the surviving or new corporation, shall cease." Baptist Hospitals is the "surviving" corporation in this transaction, but this does not mean the rights and obligations of BHI were extinguished by the merger. Indeed, Ky.Rev.Stat.Ann. § 273.291(2)(d) says:

Such surviving or new corporation shall thereupon and thereafter possess all the rights, privileges, [and] immunities ... of each of the merging or consolidating corporations; and all property, real, personal and mixed, ... and all and every other interest, of or belonging to or due to each of the corporations so merged or consolidated, shall be taken and deemed to be transferred to and vested in such single corporation without further act or deed....

And according to subsection (2)(e),

Such surviving or new corporation all [sic, shall] thenceforth be responsible and liable for all the liabilities and obligations of each of the corporations so merged or consolidated; and any claim existing or action or proceeding pending by or against any of such corporations may be prosecuted as if such merger or consolidation had not taken place, or such sur-

viving or new corporation may be substituted in its place.

In analyzing this law, the Court of Appeals of Kentucky said, " 'While the statute provides that the old corporation shall cease to exist upon such consolidation, it was never intended to destroy anything except the separate identity, the shell, as it were, preserving, however, all that was vital or valuable.' " *Eitel v. John N. Norton Memorial Infirmary*, 441 S.W.2d 438, 442 (Ky.1969) (quoting *Central University of Kentucky v. Walters' Ex'rs*, 122 Ky. 65, 90 S.W. 1066, 1069 (1906)). The Kentucky court also said that the effect of a consolidation under the statute "was to vest in the new corporation all of the property rights ... of the two constituent corporations;" the corporations were not "annihilated by the consolidation—they were amalgamated." *Eitel*, 441 S.W.2d at 442. Therefore, Baptist Hospitals as the surviving corporation retains all the rights and interests of the merged one, BHI. Indeed, the statute is specific that any preexisting claim "may be prosecuted as if such merger ... had not taken place, or such surviving or new corporation may be substituted" in place of the merged corporation. Consequently, Kentucky law is no impediment to the filing of this suit under section 7428.

The government reads the legislative history, as did the Claims Court, as saying that "[s]ection 7428 was intended to provide a special declaratory remedy in situations where an organization was in immediate danger of losing its sources of contributions because the IRS had denied or revoked its tax-exempt status." 12 Cl.Ct. at 191. It says that because BHI no longer exists it is in no danger of losing contributions and section 7428 is inapplicable.

■ Section 7428 was intended to apply where an organization was in immediate danger of losing contributions, but we do not agree that it was "meant to be narrowly applied to that specific problem." 12 Cl.Ct. at 191. In fact, section 7428(a)(1) gives a declaratory remedy in four situations:

(A) with respect to the initial qualification or continuing qualification of an or-

ganization as an organization described in section 501(c)(3) which is exempt from tax under section 501(a) or as an organization described in section 170(c)(2),

(B) with respect to the initial classification or continuing classification of an organization as a private foundation (as defined in section 509(a)), or

(C) with respect to the initial classification or continuing classification of an organization as a private operating foundation (as defined in section 4942(j)(3))....

As can be seen, only one of those, section 170(c)(2), refers specifically to deductibility of contributions.

The legislative history confirms that the application of section 7428 is not limited to organizations determined to be ineligible to receive charitable contributions. In pertinent part, it says:

In order to provide an effective appeal from an Internal Revenue Service determination that an organization is not exempt from tax, or is not an eligible donee for charitable contributions, or is a private foundation (an operating foundation or a nonoperating foundation), it has been urged that there be access to the courts through some declaratory judgment procedure.

... [Y]our committee has agreed to provide in this bill for a declaratory judgment procedure under which an organization can obtain a judicial determination of its own status as a charitable, etc., organization, its status as an eligible charitable contribution donee, its status as a private foundation, or its status as a private operating foundation.

H.R.Rep. 658, 94th Cong., 2d Sess. 284, *reprinted in* 1976 U.S.Code Cong. & Admin.News 2897, 3180. The Senate report is virtually identical. Accordingly, adoption of the government's view would rewrite the statute to deny the possibility of declaratory relief to all organizations but those which stand to lose charitable donations. BHI never solicited or received contributions, so under this approach it would never have been eligible for relief under section 7428, not the result intended by the plain language of the statute, confirmed by its legislative history.

 Of course, section 7428 does require that the case involve an "actual controversy." The government says that there is none here. It relies on *Urantia Foundation v. Commissioner*, 684 F.2d 521, 525 (7th Cir.1982), which held that to receive judicial review under section 7428(a)(1) "[t]he determination [by the IRS] must directly put in issue the organization's classification or qualification under the sections listed in § 7428(a)(1)(A)–(C), and must cause sufficient adverse consequences to that organization to create an actual controversy, *CREATE[, Inc. v. Commissioner*, 634 F.2d 803 (5th Cir.1981) ], *Friends of the Society of Servants of God v. Commissioner*, 75 T.C. 209 (1980)." Unlike in our case, however, the IRS in *Urantia* did not directly put in issue the organization's classification or qualification. So the second part of the *Urantia* test, requiring "sufficient adverse consequences," was not reached; no determination under section 7428(a)(1), adverse or otherwise, was made. More to the point were *CREATE*, 634 F.2d at 813, and *Friends of the Society of Servants of God*, 75 T.C. at 215, relied on by *Urantia*, which concluded that the denial or revocation of tax exempt status, or other negative determination under section 7428(a)(1), creates an actual controversy. We concur.

 The legislative history is to the same effect when it says that the statute would establish a declaratory judgment procedure "to provide an effective appeal from an Internal Revenue Service determination that an organization *is not* exempt from tax, or *is not* an eligible donee for charitable contributions, or *is* a private foundation." 1976 U.S.Code Cong. & Admin.News at 3180, 4011 (emphasis added). Because under Kentucky law Baptist Hospitals is "the organization the qualification or classification of which is at issue," and application of the statute is not limited to those organizations at risk of losing contributions through denial or revocation of tax exempt status, the IRS denial of tax ex-

empt status created an "actual controversy."

We do not reach the government's argument that the trial court had discretion to decline to entertain this suit even if there is an actual controversy, and that we should affirm as though discretion had properly been exercised. That is not what the court did; it dismissed because it thought it had to, not because it thought it could.

### Conclusion

Accordingly, the judgment is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.