**FOUNDING CHURCH OF SCIEN-
TOLOGY OF WASHINGTON,
D.C., INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 91–1176T.**

United States Claims Court.

May 27, 1992.

Monique E. Yingling, Washington, D.C., for plaintiff. Thomas C. Spring, of counsel.

W.C. Rapp, Washington, D.C., with whom was Asst. Atty. Gen. Shirley D. Peterson, for defendant.

## OPINION

MARGOLIS, Judge.

This tax case comes before the court on defendant's motion to dismiss and on plaintiff's motion for summary judgment. Defendant, through the Internal Revenue Service (IRS), began a church tax examination of plaintiff in 1989, but failed to complete it within the statutory time period. Before this court, plaintiff seeks a declaratory judgment that it is an organization described in § 170(c) of the Internal Revenue Code of 1986 (I.R.C.) entitled to be included in IRS publication 78, a list of organizations recognized by the IRS as qualified charitable donees. Defendant moves to dismiss, contending this court lacks jurisdiction, and plaintiff moves for summary judgment. After careful review of the record, and after hearing oral argument, this court grants defendant's motion to dismiss and denies the plaintiff's motion for summary judgment.

## FACTS

In the 1950s, the IRS revoked plaintiff's tax-exempt status, a decision that the Court of Claims upheld in *Founding Church of Scientology of Washington, D.C. v. United States*, 412 F.2d 1197, 188 Ct.Cl. 490 (1969), *cert. denied,* 397 U.S. 1009, 90 S.Ct. 1237, 25 L.Ed.2d 422 (1970). Consequently, plaintiff began to file corporate tax returns as a taxable entity.

Believing that circumstances had changed and that it was now operated exclusively for tax-exempt purposes, plaintiff began in 1973 to file information returns on Form 990, the information return used by exempt organizations. Plaintiff discontinued filing returns in 1980, consistent with its alleged church status and as permitted for churches by I.R.C. § 6033(a)(2).

Pursuant to I.R.C. § 7611, the IRS sent plaintiff a "Notice of Church Inquiry" on December 2, 1988, and a "Notice of Church Examination" on March 1, 1989, questioning plaintiff's qualification for tax-exempt status. On February 27, 1991, the IRS notified plaintiff that it was unable to complete its examination within the two-year period provided by I.R.C. § 7611(c)(1)(A) and that, as a result, there would be no change in plaintiff's tax status.

Plaintiff filed suit in this court on May 28, 1991, seeking a declaratory judgment under I.R.C. § 7428 that it is an entity described in I.R.C. § 170(c) entitled to be included in IRS publication 78, the cumulative list of organizations the IRS recognizes as qualified charitable donees. Defendant now moves to dismiss for lack of jurisdiction, and plaintiff moves for summary judgment.

## DISCUSSION

Plaintiff maintains that this court has jurisdiction to render a declaratory judgment in this matter under I.R.C. § 7428, which provides in subsection a in pertinent part as follows:

In a case of actual controversy involving—

(1) a determination by the Secretary—

(A) with respect to the initial qualification or continuing qualification of an organization as an organization described in section 501(c)(3) which is exempt from tax under section 501(a) or as an organization described in section 170(c)(2).... or

....

(2) a failure by the Secretary to make a determination with respect to an issue referred to in paragraph (1),

upon the filing of an appropriate pleading ... the United States Claims Court ... may make a declaration with respect to such initial qualification or continuing qualification....

Plaintiff also maintains that the February 27, 1991 letter in which the IRS stated that plaintiff's tax status had not been changed (no-change letter) is a "final report" within the meaning of I.R.C. § 7611(g). That section provides that:

[a]ny final report of an agent of the Internal Revenue Service shall be treated as a determination of the Secretary under paragraph (1) of section 7428(a), and any church receiving such a report shall be treated for purposes of sections 7428 and 7430 as having exhausted the administrative remedies available to it.

*Id.*

Defendant seeks dismissal on jurisdictional grounds for two reasons. First, defendant argues that plaintiff's complaint fails to set forth "a case of actual controversy" as I.R.C. § 7428(a) demands. Second, defendant asserts that the no-change letter should not be construed as a section 7611(g) final report, which allows plaintiff to sue for declaratory relief under I.R.C. § 7428(a).

Beginning with the question of whether this is a case of actual controversy, plaintiff contends that the IRS has " 'directly put in issue [its] classification or qualification under the sections listed in § 7428(a)(1)(A)–(C),' " which has " 'cause[d] [it] sufficient adverse consequences ... to create an actual controversy.' " *Baptist Hospitals, Inc. v. United States,* 851 F.2d

1397, 1400 (Fed.Cir.1988) (quoting *Urantia Foundation v. Commissioner,* 684 F.2d 521, 525 (7th Cir.1982)). Plaintiff argues that by not including it in IRS publication 78, the IRS has not provided its potential contributors with advance assurance of deductibility and thus created a case of actual controversy. As support for its contention, plaintiff cites several cases in which, according to plaintiff, the court entertained jurisdiction after the IRS failed to make a determination of tax-exempt status. *See National Foundation, Inc. v. United States,* 13 Cl.Ct. 486 (1987); *Foundation of Human Understanding v. Commissioner,* 88 T.C. 1341 (1987); *World Family Corp. v. Commissioner,* 81 T.C. 958 (1983); *Gladstone Foundation v. Commissioner,* 77 T.C. 221 (1981); *Friends of the Society of Servants of God v. Commissioner,* 75 T.C. 209 (1980); *BBS Associates, Inc. v. Commissioner,* 74 T.C. 1118 (1980); *B.H.W. Anesthesia Foundation, Inc. v. Commissioner,* 72 T.C. 681 (1979).

Defendant counters that an actual controversy cannot exist in this case because the IRS has not taken a position which is adverse to that asserted by plaintiff. Defendant notes that the no-change letter does not alter the status quo, namely, that plaintiff may maintain the same tax-exempt status it did prior to and during the examination. Defendant also asserts that plaintiff is free, following the examination, to hold itself out as an entity described in I.R.C. §§ 501(c)(3) and 170(a), as it could before the examination.

This court finds merit in defendant's position. Although plaintiff may not be pleased that the examination ended without the conclusion to which plaintiff believes it is entitled, the IRS's failure to complete the church tax examination did not create an actual controversy. Had the IRS altered plaintiff's "continuing qualification" in a fashion that would be adverse to plaintiff, this court could have jurisdiction under I.R.C. § 7428(a)(1)(A) to issue a declaratory judgment.[1] As the facts stand, the IRS in no way changed plaintiff's tax status be-

---

**1.** Jurisdiction would exist if the no-change letter is in fact a report within the meaning of I.R.C.

§ 7611(g). However, this court need not reach that issue. *See* note 2, *infra.*

cause plaintiff is in the same tax status position it was in before the examination began.

The cases plaintiff cited are all distinguishable from the case at hand. In three of the cases, the courts recognized that jurisdiction can exist under § 7428(a) if the IRS determines that an entity should receive tax status that is less favorable than that plaintiff requested in an application to the IRS. *See CREATE, Inc. v. Commissioner,* 634 F.2d 803, 813 (5th Cir.1981); *Foundation of Human Understanding,* 88 T.C. at 1355; *Friends of the Society,* 75 T.C. at 216. Here, of course, plaintiff has not made a request for certain treatment, which the IRS has rejected, and consequently plaintiff could not have received an adverse ruling in the sense those cases contemplated. Further, plaintiff could have applied (and still may do so) for the treatment it seeks by filing Form 1023 with the IRS.

Four of the cases plaintiff cited involve jurisdiction following an exhaustion of administrative remedies under I.R.C. § 7428(b)(2), which provides in pertinent part:

> [a]n organization requesting the determination of an issue referred to in subsection (a)(1) shall be deemed to have exhausted its administrative remedies with respect to a failure by the Secretary to make a determination with respect to such issue at the expiration of 270 days after the date on which the request for such determination was made if the organization has taken, in a timely manner, all reasonable steps to secure such determination.

In the cases plaintiff raises, the petitioners/plaintiffs sought a declaratory judgment after the IRS had failed to issue notices of determination on their requests for such within the statutory period. *See National Foundation, Inc.,* 13 Cl.Ct. at 490; *World Family Corp.,* 81 T.C. at 959; *BBS Associates, Inc.,* 74 T.C. at 1119–20; *B.H.W. Anesthesia Foundation, Inc.,* 72 T.C. at 682 n. 2. An actual controversy may exist when the IRS fails to make a determination, *see* I.R.C. § 7428(a)(2), so

long as the petitioner/plaintiff waits 270 days after the date on which the request for such determination was made. *See* I.R.C. § 7428(b)(2). Subsection b of § 7428 is inapposite in the present circumstances because the instant case does not involve the IRS's failure to make a determination following a *request* by plaintiff to do so. Therefore, this case is not an actual controversy under § 7428(a)(2).

In the final case plaintiff cites, *Gladstone Foundation,* 77 T.C. 221, the IRS proposed revoking petitioner's nonprivate foundation status, and petitioner filed a written protest with the IRS. The IRS failed to make a final determination within 270 days of petitioner's written protest, and petitioner subsequently sought a declaratory judgment in the Tax Court. Ruling that the written protest was the equivalent of a request for determination, the Tax Court found that petitioner had exhausted its remedies under I.R.C. § 7428(b)(2) and therefore could bring a declaratory judgment action under § 7428(a)(2). *Id.* at 233, 236.

The facts in the instant case are quite different from those in *Gladstone Foundation.* Here, unlike in *Gladstone Foundation,* the IRS actually never proposed to revoke a prior ruling and has not done so. Also, plaintiff did not file any papers with the IRS in the course of the church examination that can be construed as a request for a determination; and, in any event, this court is not prepared to rule that something short of filing a Form 1023 would satisfy I.R.C. § 7428(b)(2) in the circumstances of this case. *Gladstone Foundation* does not lead this court to conclude that an actual controversy exists in the instant case.

## CONCLUSION

Because the facts do not "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality" to find an actual controversy, this court is without jurisdiction, and the complaint must be dis-

missed.[2] *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). The defendant's motion to dismiss is granted. Further, plaintiff's motion for summary judgment is denied. The clerk will dismiss the complaint without prejudice. No costs.

---

**2.** Because the complaint has been dismissed on the actual controversy ground, this court need not reach defendant's argument that the no-change letter is not a final report.